UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SCOTT HORN,

      Petitioner,

                                            CASE NO. 1:10-CV-680

v.

                                            HON. ROBERT J. JONKER

BLAINE LAFLER,

      Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 28) and Petitioner Horn's Objections to Report and Recommendation (docket #29). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge correctly concluded that Petitioner is not entitled to habeas corpus relief.

Petitioner was convicted following jury trial of kidnaping and four separate counts of first degree Criminal Sexual Conduct. The trial court sentenced Petitioner as a habitual offender to five concurrent prison terms of 40-60 years. The Magistrate Judge recommends denial of the habeas petition. In his objections, Petitioner primarily supplements and expands upon arguments presented in his original brief (docket # 2). Petitioner's objections fail to deal in a persuasive way with the Magistrate Judge's analysis. The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed all claims. Nothing in Petitioner's Objections changes the fundamental analysis the Magistrate Judge delineates. On two issues, however, some additional comment is warranted.

First, Petitioner disagrees with the Magistrate's finding that the two reports Petitioner describes as "newly discovered evidence of actual innocence" do not qualify as "newly discovered" because they were available to the defense before trial. Whether these two reports constitute "newly discovered" evidence is ultimately beside the point, because the reports do not amount to evidence of "actual innocence" in any event. A habeas petitioner asserting a claim of actual innocence must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has made no such showing. The two reports he describes as evidence of actual innocence are (1) Dr. David Boersma's March 2, 2006 Forensic Evaluation Report, and (2) Nurse Laurie Sweet's January 28, 2006 Medical

Forensic Examination Report. (Pet'r's Br. in Supp., docket # 2, Exs. C and E.) Neither of these reports makes it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Dr. Boersma's report describes Petitioner's account of the events leading to his conviction and Petitioner's mental health history. The report opines that Petitioner "was not legally insane at the time in question." (*Id.*, Ex. C.) Nothing in this report requires a conclusion that Petitioner was not guilty of the crimes for which the jury convicted him. Similarly, Nurse Sweet's report describes her interview and examination of Ms. Horn (Petitioner's then-spouse and the crime victim) after the sexual assaults for which Petitioner was convicted. Nurse Sweet's report describes Ms. Horn's account of what happened and details her injuries. It does not require a conclusion that Petitioner was not guilty of the crimes for which the jury convicted him. Accordingly, regardless of whether the reports are viewed as "newly discovered" or "newly presented" evidence, they do not satisfy the *Schlup* standard, and Petitioner's arguments to the contrary fail.

Second, to the extent Petitioner objects that the Magistrate Judge neglected to address the alternative theory Petitioner mentions on page 93 of his 142 page brief, the objection fails. Petitioner claims that he is entitled to relief under *United States v. Cronic*, 466 U.S. 648 (1984). The Report and Recommendation addresses Petitioner's principal theory under *Cronic* (Report and Recommendation, docket # 28, at 48-51), properly rejecting Petitioner's claim that he was denied the presence of counsel at a critical stage. Petitioner says that the Report and Recommendation overlooked a claim that his counsel was placed in circumstances under which competent counsel very likely could not render assistance. *See Mitchell v. Mason*, 325 F.3d 732, 741 (6th Cir. 2003) (describing three types of cases warranting a presumption of prejudice under *Cronic*). Assuming

without deciding that this claim is not procedurally defaulted, the claim fails on the merits. Petitioner premises the claim on a single newspaper article from the *Kalamazoo County Gazette*. (Pet'r's Br. in Supp., docket # 2, Ex. L.)  This is simply not enough to support Petitioner's claim.

For all of these reasons, the Court concludes that Petitioner is not entitled to federal habeas relief, for the reasons the Report and Recommendation delineates, as supplemented by this Order.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.  FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").  However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Petitioner is not entitled to the habeas corpus relief he seeks. Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 28) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.


Dated: September 22, 2014            /s/Robert J. Jonker
                                                          ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE